May it please the Court, my name is James Patterson. I represent the petitioner, Mrs. Alvarez-Maldonado, in this matter. This is a petition for review, seeking review of a decision of the Board of Immigration Appeals denying a motion to reopen based on ineffective assistance of counsel. In short, had Mrs. Alvarez been adequately represented at her court, been aware, or taken the time to look, she would not be here. There's a case directly on point that shows that the immigration judge erred in his initial decision. Now, we're not looking at that initial decision except as it relates to the prejudice involved here. In the situation before the court, Mrs. Alvarez's motion to reopen alleges ineffective assistance of counsel. Under Lozada and the precedent decisions of this court, we must show prejudice. The prejudice comes, again, in that there is a case directly on point that is adverse to the finding, the legal holding, of the immigration judge and of the Board of Immigration Appeals. As you're talking about Beltran-Torado. Yes, I am, Your Honor. This is the case where the counsel before the immigration judge says something like, I recall there's a case that relates to this moral turpitude issue, but I can't remember it. I'll assert it on appeal or something. That's correct. That is what he said. He said that he believed, he recalled, having come across a case that dealt with this moral turpitude issue. And, in fact, the case had been issued a few months earlier, but counsel did not recall it, and the immigration judge did not appear to be aware of it at that point. I think the immigration judge told him, why don't you advise me of it so I can rule based on it, rather than presenting it on appeal. And the lawyer said he couldn't remember it. Correct. And then he never filed an appeal citing it, right? He never. Not a brief. He filed a notice of appeal, but not a brief. Correct. Correct. So he's sort of a big screw-up by the lawyer. Huge. But then the question is, when she files a pro se motion to reconsider, does she adequately raise the issues so that the administrative remedies are exhausted? Is that the issue? That's the issue that the government presents, and we would argue that her motion to reopen Obviously, she did not cite to Beltran-Torado, but she did indicate that her attorney had failed to file a brief and had failed to back up the appeal with legal reasons underlying the appeal. Again, there has to be some leeway here for pro se litigants in filing this motion to reopen and citing specifically the case law. And, again, this is case law that made waves in the immigration community. Everybody was aware of Beltran-Torado. The prejudice seems apparent. Had the board simply taken the time to look at Goodmore character and that statute, if you plug those terms even into a Google search, not even necessarily a legal search engine, you would come across the Beltran-Torado case, which, again, directly held that that crime under 18 U.S.C. 1546 does not involve moral turpitude within the Ninth Circuit. She said in the motion to reopen, as I understand it, that the attorney's actions constituted ineffective assistance of counsel, that he failed to file a brief or to have provided factual and legal reasons underlying the appeal, and that the appeal notice had said what the issue was on the appeal. So your position is by saying that the lawyer didn't give factual and legal reasons underlying the appeal, that's sufficient for her to be asserting pro se that there's prejudice from the failure? Yes. And again, had she been represented, had she come to my office before she filed that motion to reopen, the case would have been cited. And had we not cited it, I don't think you could consider it here. But I think she did what she was able to do as a pro se appellant. Well, actually, I don't think, I mean, I don't know how the other members of the panel feel, but I don't think a party has to cite a particular case for us to consider it. We can always consider the law. To exhaust the administrative remedy, they just have to make the contention. You know, like, I was denied this or that right. I'd certainly go along with that reasoning of the Court. And I believe that you're right. I'm saying that I can't imagine filing the motion to reopen without citing to that case myself. But certainly, she did put them on notice. The attorney had originally said, the issue here is, does this crime involve moral turpitude? And then he never followed up with anything. And then she let them know that he was ineffective in his assistance here because he did not provide legal reasons, factual and legal reasons, she said, underlying the appeal. Due process under the Fifth Amendment mandates that hearings and the proceedings before the immigration judge and the Board of Immigration Appeals be fundamentally fair. Fundamental fairness here seems to indicate that the Board should have at least looked at whether or not this crime involved moral turpitude within the Ninth Circuit. They were aware that that was the original issue, and they got it wrong the first time. And then when she brought it up that her attorney had failed to provide legal reasons underpinning his appeal, they failed to look at it again. They had two shots at this. And neither time, again, did they even make a minimal effort to determine whether under the law of this circuit, the conviction under 1546 involved moral turpitude. And again, it would have taken I don't really disagree with the characterization, except that seems to say that the Board's the one that should be most responsible, because exactly the same thing could be said about whoever was advocating for your client, that there was no argument made to that effect. The Board is trying to do justice, but it's not somebody's advocate. And that's what makes this case so hard, because had it properly been presented, it's hard to resist the conclusion that your client had a strong case. But is that an abuse of discretion if the Board doesn't do your client's legal research for her? The Board doesn't have to advocate for her, but they are an administrative tribunal. They're not... By the law. Let me, what was it that she admitted to in the hearing? The attorney actually for the government walked her through what he believed to be the elements of 18 U.S.C. 1546, that she had obtained a Social Security card, and I believe a false green card, knowing they were false, and had then made an attestation on an I-9 form. That I-9 form was presented to the court. So she admitted those elements, and the immigration judge didn't make a kind of discretionary type of, I think that's bad, therefore you don't have moral character determination. He found specifically that conviction involves moral turpitude, therefore, I believe he said at one point, my hands are tied, I am bound to find that you do not possess good moral character under section 101-F of the Act. And so he found her statutorily unable to establish good moral character. Not kind of a touchy-feely, you're not a good person because he used a false green card, which might be a different case. And again, Beltran-Torado specifically says 1546 does not involve moral turpitude. I thought that the government makes an argument to distinguish Beltran-Torado on the ground that it says, okay, use of false Social Security cards doesn't show moral turpitude, but here there's a false green card as well, or, you know, fraudulent green card. So is that a difference? Does that make a difference? It does not. It's the same statute. We're dealing with I don't think we get to the issue under its authority. Correct. The statute itself was what was at issue, section 1546, which is making an attestation on an I-9 form, a false attestation. It's the exact same statute, 18 U.S.C. 1546. Furthermore, the government attempts to distinguish it saying they were just talking about the registry context. Actually, the legislative history that this Court cited in Beltran didn't even apply to Beltran. It was whether or not somebody could be prosecuted for a 1546 violation if they were applying, if they had applied for registry, and what Congress said was they couldn't. So that didn't even apply to Beltran. The rationale applied equally to Beltran as it does here. You've just about used your time. We'll give you a minute to respond. Thank you, Your Honor. Well, Your Honors, I agree that this is a somewhat troubling case. But the only issue before the Court is whether the Board abused its discretion in denying Petitioner's motion. The motion, of course, claimed that the prior counsel was ineffective for failing to file a brief with the Board, harming her case before it, and failing to notify her of the Board's dismissal in time for her to file a petition for review with this Court. Well, didn't the Board also have the notice of appeal in the record? You know, she says to the Board, my lawyer didn't file a brief giving legal reasons. Now, if they didn't have a notice of appeal that specified the moral turpitude issue, then I would have more sympathy with the government's exhaustion issue. That is, the notice of appeal that just said there are legal issues or something. But the notice of appeal was very specific. Then the lawyer doesn't file a brief, and it seems like it gives her an entitlement to relief under the issue framed in the notice of appeal. Why shouldn't we say, and tell me why I'm wrong in this, why shouldn't we say that if a pro se Petitioner goes to the Board, and what the issue is that there was no brief filed on, that we look at the case in that light? Well, the notice of appeal says in its entirety, the immigration judge used the wrong standard in reaching his conclusion. He misinterpreted the law relating to crime involving moral turpitude and the standard for establishing good moral conduct. It says he misapplied the law as to what's moral turpitude. They've got the IJ's decision. They know that he said it was a crime of moral turpitude to use false documents to get work, and they should know of Beltran-Torado, they're charged with that. Why do they need more to let us have the power to hear the case? I just don't get it, so maybe I'm missing something. I think, again, some of the questions that Judge Clifton was putting earlier, I mean, the Board is in a very difficult position. It had, as we were talking about before, this period where it was way behind in its cases. Now it's trying to deal with that. I guess the question is how aggressive the Board is expected to be. Let me ask you this. Is there any meaningful distinction between this case and Beltran? I'm not sure, Your Honor, frankly. I do feel confident, actually, of one thing, and that that is probably something that would best be decided by the Board itself and not by the score. Does the record show any meaningful distinction? Well, you know, we really have, I mean, we have what the Petitioner admitted to during her hearing, right? And we have the Beltran case before us. Right. It doesn't seem to be very different. I mean, there are some distinctions. I think, you know, those were already discussed. You know, is it just the Social Security card or is it the Social Security card and the green card? One is registry and one isn't. I'm just asking the government whether it is the government. I think there is a meaningful distinction. I think there are. I mean, I think there are some distinctions. Yes. Also, I guess there was more, what, I don't know how to put it, more effort, maybe more evil intent, one could even say, I mean, in how this individual, you know, obtained these materials as opposed to the individual in Beltran who claimed that she just, I guess, found some identification and began using it. So, yeah, but like I say, I don't think that's really a proper issue for the Court. I mean, the Board here never had a chance to address this, in our opinion. I mean, because, okay, they did get this notice of appeal. Okay. It could be more vague. It could certainly be less vague. And it didn't mention the problem. Connect the dots in a situation where it's reasonable for us to say the Board should look at the pro se appeal or pro se motion to reopen in the light of the IJ's decision and the specific notice of appeal. I mean, those are the only three things they have to look at. I'm not suggesting the Board has to go out and do legal research, review the whole record and say what issues could she raise. The issue was raised in her notice of appeal. Well, certainly to some, to a limited extent. Yeah. Yeah, to a limited extent. It didn't cite the case, but it raised the generic issue. Well, I think we have your... I'm trying to distinguish Beltran from this case saying there's more evil intent with my client. Ms. Beltran used this identification for 19 years after receiving phone calls from the individual whose identity she had stolen. I find it difficult to say there's more evil intent here. I'm not unsympathetic to the Board's difficult position here, but I think you can fashion a rule where the Board is required for a pro se appellant where an issue has been raised to at least look at the issue and see if there was a mistake made. This one is so clear. I mean, there's a case on point. Again, it would have been very easy for them to find. In fact, in the Board's own literature on their website, it talks about Beltran Tirado. They could have found this out. Where the BIA fails to discuss, let alone distinguish, contrary Ninth Circuit authority, they've abused their discretion. And I would argue that we're actually under a de novo standard. This is a legal issue. If we're under the current streamlining and we've got a one-liner, what would we do? We would review the IJ de novo and say that... Yes, that he made the... ...that should have followed Beltran. Correct. Yeah, okay, thank you. Thank you. The case just argued is submitted for decision. The next case, Martínez de Arroyo, is submitted on the brief. You'll hear the next case for argument, United States v. Solís Álvarez. Thank you.
judges: Schroeder, Gould, Clifton